JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 08-0025 WHA |
| Plaintiff, | ) NOTICE OF INTENT TO SEEK REMAND ) FOLLOWING GUILTY PLEA PURSUANT ) TO 18 U.S.C. § 3143(a)(2) |
| v. | ) |
| REMSEN BENEDICT | ) |
| Defendant. | ) |

        The defendant has indicated that he intends to enter a plea of guilty to the charges of

Receipt and Possession of Child Pornography in violation of 18 U.S.C. § § 2252(a)(1) and (a)(4),

respectively, at a hearing scheduled before this Court on Tuesday, August 19, 2008.  Currently,

defendant is not in custody.  He was released by the Honorable Elizabeth D. Laporte on a secured

bond and pretrial release conditions on January 28, 2008.  Plaintiff United States of America,

through its counsel of record Assistant United States Attorney Denise Marie Barton, hereby

notifies the Court and defendant that, following defendant's entry of a guilty plea, the

government will be seeking defendant's remand to custody under 18 U.S.C. § 3143(a).  The

1   United States further submits that the defendant has been and is on notice of mandatory remand

2   provisions under 18 U.S.C. § 3143(a) by its inclusion in Title 18 and because counsel for the

3   United States has repeatedly advised counsel for the defendant of its intent to seek remand after a

4   change of plea in accordance with this statute.  Most recently, counsel for the United States

5   advised counsel Geoffrey Dunham of its intention on August 7, 2008.

**DISCUSSION**

### A.    Section 3143(a)(2) Applies and Mandates Detention

8       Due to the nature of his conviction, the defendant is subject to mandatory detention

9   pending sentencing pursuant to Title 18, United States Code, section 3143(a)(2).  Section

10  3142(a)(2) provides that:

> The judicial officer *shall* order that a person who has been found
> guilty of an offense in a case described in subparagraph (A), (B), or
> (C) of subsection (f)(1) of section 3142 and is awaiting imposition
> or execution of sentence be detained unless –
>
> (A)(I) the judicial officer finds there is a substantial likelihood
> that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no
> sentence of imprisonment be imposed on the person;
>
> *and*
>
> (B) the judicial officer finds by clear and convincing evidence
> that the person is not likely to flee or pose a danger to any other
> person or the community.

20  18 U.S.C. § 3143(a)(2) (emphasis added).  Following his guilty plea, defendant will have been

21  found guilty of offense in a case described in subparagraph (A) of subsection (f)(1) of section

22  3142, namely a crime of violence for which a maximum term of imprisonment of 10 years or

23  more is prescribed (see 18 U.S.C. § 2252(a)(1)).  Defendant's crime of conviction meets the

24  definition of a crime of violence under 18 U.S.C. § 3156(a)(4)(C) because it is a felony under

25  chapter 110, which includes 18 U.S.C. §§ 2252.

26      By its plain language, Title 18, United States Code, section 3143(a) pertains to defendants

27  who have "been found guilty of an offense" and are "awaiting imposition or execution of

28  sentence."  The fact that defendant here intends to plead guilty, as opposed to having been found

1   guilty by a jury following trial, does not alter the fact that, under the law, upon defendant's guilty

2   plea defendant will have been "found guilty of an offense." *See United States v. Cazares*, 121

3   F.3d 1241, 1247 (9th Cir. 1997) ("'The effect [of a guilty plea] is the same as if [defendant] had

4   been tried before a jury and had been found guilty on evidence covering all of the material

5   facts.'") (quoting *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971)).  Accordingly,

6   following defendant's guilty plea in the instant case, section 3143(a) will govern defendant's

7   release or detention.  See *United States v. Devinna*, 5 F. Supp. 2d 872, 872 (E.D. Cal. 1998)

8   ("Having pleaded guilty to a 'crime of violence,' defendant is subject to a provision mandating

9   detention pending sentencing. <u>See</u> 18 U.S.C. § 3143(a)(2)."); *United States v. Bryant*, 895 F.

10  Supp. 218, 220 (N.D. Ind. 1995) ("the guilty pleas must be considered equivalent to a finding of

11  guilty for purposes of Section 3143(a)").

12          In this case, detention is mandatory under 18 U.S.C. § 3143(a)(2).  Even if this Court

13  finds by clear and convincing evidence that the defendant can meet the condition set forth in

14  subsection (B) of section 3143(a)(2)[1] -- that is, that defendant is not likely to flee or pose a

15  danger, the government respectfully submits that neither of the alternative conditions set forth in

16  subsection (A) of § 3143(a)(2) can be met here.  Defendant intends to plead guilty, so there is not

17  a substantial likelihood that a motion for acquittal or new trial will be granted.  And a

18  government attorney has not recommended and will not recommend that no sentence of

19  imprisonment be imposed in this case.  Thus, on its face, § 3143(a)(2) forecloses the opportunity

20  for defendant here to be released on bond pending sentencing.

21  **B.  <u>Defendant Does Not Fall Within the Exception of § 3145(c)</u>**

22          Although 18 U.S.C. § 3145(c) provides for an limited exception from mandatory

23  detention, there are no "exceptional circumstances" in this case that warrant release pending

24  //

25  //

26  //

27

28

---

[1]  The United States does not concede that the defendant can make this showing.

1   sentencing.  Under 18 U.S.C. § 3145(c),

2   > A person subject to detention pursuant to section
3   > 3143(a)(2) or (b)(2), and who meets the conditions or
    > release set forth in section 3143(a)(1) or (b)(1), may be
    > ordered released, under appropriate conditions, by the
4   > judicial officer, if it is clearly shown that there are
    > exceptional reasons why such person's detention would not
5   > be appropriate.

6   18 U.S.C. § 3145(c).  The Ninth Circuit has found that "the district court has authority to

7   determine whether there are exceptional reasons," and has broad discretion in making the

8   determination.  *United States v. Garcia*, 340 F.3d 1013, 1014 n.1, 1018 (9th Cir. 2003).

9        In *Garcia*, the Ninth Circuit addressed the meaning of "exceptional reasons" but "place[d] no

10  limit on the range of matters the district court may consider."  *Id.* at 1018-19.  The Court of

11  Appeals emphasized, however, that the circumstances warranting release must indeed be

12  exceptional:

13  > Hardships that commonly result from imprisonment do not
    > meet the standard.  The general rule must remain that
14  > conviction for a covered offense entails immediate
    > incarceration.  Only in truly unusual circumstances will a
15  > defendant whose offense is subject to the statutory
    > provision be allowed to remain on bail pending appeal.

16

17  *Id.* at 1022.  To date, the defendant has not identified any circumstances that are "exceptional"

18  that would warrant his release pending sentencing.  However, to the extent that the defendant

19  relies on arguments similar to those made in prior proceedings before the Magistrate Court, the

20  United States contends that these factors will not be "exceptional" to warrant excusing him from

21  detention.  Having no prior criminal record; compliance with pretrial release; absence of a

22  criminal record; family ties; stable employment; and on-going mental health treatment are <u>not</u>

23  "exceptional circumstances" that would demonstrate that detention is not appropriate.  *See U.S.*

24  *v. Little*, 485 F.3d 1210 (8th Cir. 2007) (cooperation in the investigation, consent to seizure of

25  computer, full compliance with pre-trial release conditions, and finely his timely appearance at

26  all court proceedings were each and in combination not found to be an exceptional

27  circumstance); *U.S. v. Larue*, 478 F.3d 924 (8th Cir. 2007) (compliance with terms of pretrial

28  release, absence of criminal record, payment of child support for two children, and ongoing

1   employment did not - either individually or in the totality - rise to the level of exceptional

2   circumstances);  *U.S. v. Brown*, 368 F.3d 992 (8th Cir. 2004)(involvement in a treatment program

3   for depression and the fact that he could be subjected to violence in jail due to his child

4   pornography conviction did not rise to the level of exceptional circumstances); *U.S. Lea*, 360

5   F.3d 401 (2nd Cir. 2004)(being a first time offender was not an exceptional circumstance).

6       The government respectfully submits that in this case there are no "exceptional reasons"

7   under § 3145(c).  Accordingly, even if defendant is able to establish by clear and convincing

8   evidence that he is not a flight risk or a danger to any other person or to the community, detention

9   is mandatory.

                               **CONCLUSION**

11      For the foregoing reasons, the government is bound under 18 U.S.C. § 3143(a)(2) to seek

12  defendant's remand to custody following his plea of guilty, and respectfully submits that

13  defendant's circumstances do not qualify as exceptional so as to warrant his release under 18

14  U.S.C. § 3145(c).

18  DATED: August 16, 2008              Respectfully submitted,

19                                      JOSEPH P. RUSSONIELLO
                                        United States Attorney

22                                      _____/s/_____
                                        DENISE MARIE BARTON
23                                      Assistant United States Attorney