1   Law Offices of
    GEORGE C. BOISSEAU
2   740 4th Street
    Second Floor
3   Santa Rosa, California 95404
    Telephone:  (707) 578-5636
4   Fax: (707) 578-1141
    E-Mail: boisseaugc@msn.com
5
    Attorneys for Defendant
6   REMSEN BENEDICT

7                       UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,        )    CR-08-00025-WHA
                                     )
11              Plaintiff,           )    NOTICE OF MOTION AND
                                     )    MOTION FOR RELEASE
12  v.                               )    PENDING SENTENCING
                                     )
13  REMSEN BENEDICT,                 )
                                     )
14              Defendant.           )
                                     )
15  _____)

16              MOTION FOR RELEASE PENDING SENTENCING

17          Defendant REMSEN BENEDICT (BENEDICT), through his counsel, GEORGE C.

18  BOISSEAU, moves this Court for an order setting conditions of release pending sentencing in

19  the above-entitled matter pursuant to 18 U.S.C. §3145(c).

20          This motion is made pursuant to 18 U.S.C. §§3143(a) and 3145(c).  This motion is

21  based on the ground that there is clear and convincing evidence that the defendant is not likely to

22  flee and not a danger to the safety of any other person in the community if released and that there

23  are exceptional circumstances supporting his release pending sentencing.

24          Dated: August 19, 2008

25                                        Respectfully submitted,

26                                        _____
                                          GEORGE C. BOISSEAU
27
                                          Attorney for Defendant
28                                        REMSEN BENEDICT

    MOTION FOR RELEASE PENDING SENTENCING

                                     1

Law Offices of
GEORGE C. BOISSEAU
740 4th Street
Second Floor
Santa Rosa, California 95404
Telephone: (707) 578-5636
Fax: (707) 578-1141
E-Mail: boisseaugc@msn.com

Attorneys for Defendant
REMSEN BENEDICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-08-00025-WHA |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| v. | ) | RELEASE PENDING SENTENCING |
| | ) | |
| REMSEN BENEDICT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW defendant REMSEN BENEDICT (BENEDICT), by and through his

counsel of record, George C. Boisseau, and submits the following memorandum of points and

authorities in support of his motion for release pending sentencing pursuant to 18 U.S.C.

§§3143(a) and 3145(c).

INTRODUCTION

BENEDICT is charged in a two-count indictment with receipt of child pornography in

violation of 18 U.S.C. §2252(a)(2), and possession of child pornography in violation of 18

U.S.C. §2252(a)(4)(B). He intends to plead guilty to the two-count indictment on or about

August 19, 2008. There is no plea agreement. The "receipt" of child pornography count carries

a maximum penalty of twenty years in prison and a mandatory minimum prison sentence of 5

years. The "possession" count carries a maximum penalty of 10 years. Both counts carry a

maximum fine of $250,000.

MOTION FOR RELEASE PENDING SENTENCING

2

1    BENEDICT was originally arrested in this matter on August 1, 2007 by the Novato

2    Police Department.    He was contacted by the police on July 31, 2007 and cooperated fully in

3    their investigation.  He voluntarily turned over possession of his computers to investigators and

4    accompanied the investigators the police department where he confessed fully to possessing child

5    pornography.

6    BENEDICT was charged in Marin County Superior Court with possession of child

7    pornography in a twenty-five count felony complaint.  He was eventually released on a $125,000

8    bond and made all his court appearances.

9    He appeared for the preliminary hearing on or about January 27, 2008 on the felony

10   complaint and was arrested at the courthouse by FBI agents who were acting on the instant

11   indictment.  The next day, United States Magistrate/Judge LaPorte released BENEDICT pending

12   trial on a secured $500,000 personal surety bond.  BENEDICT has been under house arrest since

13   that time and is currently being electronically monitored by the United States Pretrial Services

14   Department.  One of the conditions of his release is Global Positioning System (GPS)

15   monitoring.

16   BENEDICT is on limited leave from his home only to attend church two times per week

17   and therapy appointments once per week with Dr. Gary Gross in Kentfield, California.  His

18   therapist contacts Pretrial Services once a month with BENEDICT's progress.

19   BENEDICT has complied with all terms and conditions of his release.  He has

20   participated in weekly psychological counseling since his release on bail on the state charges.

21   BENEDICT is a life-long resident of the Bay area.  He has resided with his wife and ten-year old

22   son at the same address in Novato since 1994.  He has no prior record and is 51 years old.

23   Although the possession of child pornography under 18 U.S.C. §2252A(a)(5)(B) is

24   labeled a "crime of violence" for purposes of sentencing pursuant to 18 U.S.C. §3156(a)(4)(C),

25   BENEDICT's conduct was not violent.  He did not have sexual contact with any child, nor did he

26   attempt to communicate with any child for illicit purposes.

27

28

MOTION FOR RELEASE PENDING SENTENCING

1

<u>ARGUMENT</u>

2

**BENEDICT SHOULD BE RELEASED PENDING SENTENCING AS HE HAS SHOWN BY CLEAR AND CONVINCING EVIDENCE THAT HE IS NOT A FLIGHT RISK OR DANGER TO THE COMMUNITY AND THAT THERE ARE "EXCEPTIONAL" CIRCUMSTANCES WITHIN THE MEANING OF 18 U.S.C. §3145(C) WHICH JUSTIFY RELEASE PENDING SENTENCING.**

3

4

5

6      Section 3143(a)(2)(A)(ii) requires mandatory detention for a defendant found guilty of a

7    crime of violence unless an attorney for the government "has recommended that no sentence of

8    imprisonment be imposed" and "the judicial officer finds by clear and convincing evidence that

9    the person is not likely to flee or pose a danger to any other person in the community."[1]

10   Possession of child pornography has been determined to be a "crime of violence" as that term is

11   defined in 18 U.S.C. §3156(a)(4)(C).

12      Section 3145(c) of Title 18 permits a defendant to appeal an order of detention "if it is

13   clearly shown that there are exceptional reasons why such person's deteintion would not be

14   appropriate."  18 U.S.C. §3145(c).  This section does not define the term "exceptional reasons,"

15   though courts have generally read the phrase to mean circumstances that are "clearly out of the

16   ordinary, uncommon, or rare."  See <u>United States v. Koon</u>, 6 F.3d 561, 563 (9th cir.1993)(Rymer,

17   J., concurring in denial of rehearing <u>en banc</u>); see also <u>United States v. DiSomma</u>, 951 F.2d 494,

18   497 (2nd Cir.1991)(referring to "unique combinations of circumstances"); <u>United States v.</u>

19

20   [1]   This section provides, in relevant part, that:

21

22   The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of [18 U.S.C. §3142(f)(1)] and is awaiting imposition or execution of sentence be detained unless:

23

24   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

25   (ii) an attorney for the Government has recommended that no sentenc of imprisonment be imposed on the person; and

26   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community.

27

28   18 U.S.C. §3143(a)(2).

MOTION FOR RELEASE PENDING SENTENCING

1 *Devinna*, 5 F.Supp.2d 872, 873 (E.D.Cal.1998)(holding that a defendant must show something

2 more than a low likelihood of flight or danger to others).

3      The Ninth Circuit has provided guidance for determining exceptional circumstances in

4 the form of the following non-exclusive factors: (1) whether the defendant's criminal conduct

5 was aberrational; (2) whether "the defendant led an exemplary life prior to his offense and would

6 be likely to continue to contribute to society significantly if allowed to remain free on bail"; (3)

7 "the nature of the violent act itself"; (4) the length of the prison sentence; (5) whether prison

8 would impose unusual hardships on a defendant due to illness or injury; (7) whether "the

9 defendant is exceptionally unlikely to flee or to constitute a danger to the community"; and

10 "whether the defendant was unusually cooperative with the government." United States v.

11 Garcia, 340 F.3d 1013, 1019-21 (9th Cir.2003). Morevover, since Congress has not defined

12 "exceptional" under §3145(c), courts should construe this term according to its "plain and

13 ordinary meaning." See Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48,

14 56 (2nd Cir.2002). "Exceptional" does not mean "extreme" or "novel," but simply "infrequent"

15 or "uncommon." See DiSomma, supra, 951 F.2d at 497. In determining what is exceptional, the

16 district court is afforded great discretion. Id. at 497.

17      In this case "exceptional" circumstances exist. BENEDICT was unusually cooperative

18 with the government. He voluntarily gave investigators his computers and confessed to the

19 conduct immediately after voluntarily coming to the police station to answer their questions. He

20 has no prior record and has lived an exemplary life prior to this offense. His conduct was

21 aberrational.

22      Further, BENEDICT is exceptionally unlikely to flee or constitute a danger to the

23 community. He was released on bail in the state case and not only made all his court appearances

24 but agreed to strict search conditions of release. After being rearrested by federal authorities

25 (despite having met all the conditions of release in the state case), he has continued to comply

26 with all terms and conditions of release. Moreover, he voluntarily sought psychological

27 counseling after his state arrest and has continued that therapy to the present. See United States

28 v. Kaquatosh, 252 F.Supp.2d 775, 779-80 (E.D.Wis.2003)(holding that exceptional reasons for

MOTION FOR RELEASE PENDING SENTENCING

release existed where the defendant successfully completed a program for substance abuse, secured employment and became a successful employee, and appeared earnes in his request for a psychological evaluation and treatment prior to imprisonment).

Although the possession of child pornography is labeled a "crime of violence" for purposes of sentencing, BENEDICT's conduct was not violent. He did not have any sexual contact with any child, nor did he attempt to communicate with any child for illicit purposes. Obtaining child pornography for private sexual gratification, although wrongful, is not in and of itself an act of violence under any ordinary definition of that term.

CONCLUSION

For the foregoing reasons, BENEDICT respectfully requests that this Court order his release pending sentencing.

Dated: August 19, 2008

Respectfully submitted,

_____
GEORGE C. BOISSEAU

Attorney for Defendant
REMSEN BENEDICT

MOTION FOR RELEASE PENDING SENTENCING

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELEASE PENDING SENTENCING